IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR TORLUCCI,

      Petitioner,                      No. 2:12-cv-1475 WBS EFB P

   vs.

MATTHEW CATE,

      Respondent.                  FINDINGS AND RECOMMENDATIONS

/

      Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Currently pending before the court is petitioner's application for a writ of habeas corpus. For the reasons explained below, the undersigned finds that it must be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

1 petition must be dismissed if on initial review the court finds that "it plainly appears from the
2 petition and any attached exhibits that the petitioner is not entitled to relief in the district court."
3 Rule 4, Rules Governing § 2254 Cases.  An application for federal habeas relief must specify all
4 grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2,
5 Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally
6 construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d
7 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not
8 supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v.*
9 *Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

10      In this case, the court lacks habeas jurisdiction because petitioner only challenges the
11 conditions of his confinement.  Specifically, petitioner claims that prison officials are prescribing
12 him the wrong medication and that he has been inappropriately deprived of single-cell status.
13 Even if petitioner were to succeeds on his claims, such a result would not shorten his sentence.
14 Accordingly, this court lacks habeas jurisdiction over the claims raised in the petition.  *Ramirez*
15 *v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a
16 successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").
17 As it is clear that petitioner cannot allege that the challenged conditions of confinement affect
18 the duration of his imprisonment, the petition must be dismissed without leave to amend.  *See*
19 *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (stating that an indigent prisoner proceeding
20 without counsel must be given leave to file amended complaint unless the court can rule out any
21 possibility that the plaintiff could state a claim).  This dismissal should be without prejudice to
22 petitioner filing a civil rights action challenging the provided medical care and his double-cell
23 status.
24 ////
25 ////
26 ////

Accordingly, it is RECOMMENDED that:

1. The petition be dismissed without leave to amend; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

Dated:  August 14, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3